IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JHONATANN ISRAEL CHOTO ALTAMIRANO,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, MOSHANNON VALLEY ICE PROCESSING CENTER, ET AL.,

Respondents

3:26cv1988
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 4)**

Pending is Petitioner's *Ex Parte* Application For Restraining Order ("Petitioner's Emergency Motion"). (Doc. 4).

By way of Petitioner's Emergency Motion, Petitioner requests that the Court:

1. Issue an ex parte Temporary Restraining Order immediately releasing Petitioner from physical custody, subject to reasonable noncustodial conditions of supervision, including electronic monitoring, GPS tracking, ISAP, regular reporting, and travel restrictions;

2. In the alternative, issue an ex parte Temporary Restraining Order prohibiting Respondents from transferring Petitioner outside the jurisdiction of the Western District of Pennsylvania pending a ruling on his habeas petition;

3. In the alternative, issue an ex parte Temporary Restraining Order prohibiting Respondents from removing Petitioner from the United States pending a ruling on his habeas petition;

4. Issue an Order to Show Cause why a preliminary injunction should not issue granting the same relief;

5. Waive the security requirement of Rule 65(c); and

6. Grant such other and further relief as the Court deems just and proper.

(*Id.* at 6).

As recently explained by the district court in *Fuller-Woodson v. Weaver et al.*, Civ. No. 1:26-89, 2026 WL 2274545 (W.D. Pa. Aug. 7, 2026) (Baxter, J.):

> Temporary restraining orders and preliminary injunctions are governed under the same standard. *See Brown v. Wolf*, No. 2:16-cv-1081, 2026 WL 691386, *1 (W.D. Pa. Jan. 21, 20216), report and recommendation adopted, 2026 WL 688634 (W.D. Pa. Mar. 11, 20216). A preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Plaintiff bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See id.; Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

*Fuller-Woodson*, 2026 WL 2274545, at *2. Further, Federal Rule of Civil Procedure 65(b)(1) provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1).

For the following reasons, the Court will deny Petitioner's Emergency Motion.

First, this Court lacks jurisdiction to "issue an ex parte Temporary Restraining Order prohibiting Respondents from transferring Petitioner outside the jurisdiction of the Western District of Pennsylvania pending a ruling on his habeas petition." (Doc. 4 at 6). Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress

has vested the Department of Homeland Security (“DHS”) with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att’y Gen*., 198 F. App’x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS’ discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att’y Gen*., 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts’ jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS’ decisions under § 1231. *See, e.g., Jane v. Rodriguez,* Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att’y Gen*., 452 F. App’x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, to the extent Petitioner’s Emergency Motion seeks “an ex parte Temporary Restraining Order prohibiting Respondents from removing Petitioner from the United States pending a ruling on his habeas petition,” this Court lacks jurisdiction to issue such an order, which would prevent Respondents from executing a final order of removal. “Such relief arises from the Government’s authority to execute a removal order and therefore falls squarely with [8 U.S.C.] §1252(g).” *Gopak v. Rokosky*, Civ. No. 2:25-cv-18592, 2026 WL 457260, at *2 (D. N.J. Feb. 18, 2026) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 482-83 (1999)).

Third, if this Court had jurisdiction to enjoin Respondents from transferring or removing Petitioner as requested (which it does not, as explained, *supra*.), Petitioner also has failed to demonstrate “irreparable harm if the injunction is denied,” *Fuller-Woodson, supra*., where his

claimed irreparable harm is: (1) "[t]he loss of liberty" – "[e]ach additional day of unconstitutional detention is an injury that cannot be undone;" (2) the serious risk that without medical evaluation or treatment, Petitioner's physical condition "may deteriorate further, potentially causing permanent damage;" (3) "[t]he combination of physical deterioration and constitutional violation;" (4) Petitioner's deteriorating mental health in the form of "depression and anxiety related to his confinement, physical pain, and separation from his two young children;" and (5) that, if Petitioner is transferred to a facility outside this judicial district, this Court's jurisdiction over Petitioner's habeas petition will be destroyed and Petitioner's habeas petition will be moot.[1]

Fourth, to the extent Petitioner seeks "an ex parte Temporary Restraining Order immediately releasing Petitioners from physical custody," Petitioner's request seeks the same substantive relief sought by his Petition, *see* Doc. 1 at 3, and requests affirmative relief, rather than the maintenance of the status quo. A preliminary injunction or temporary restraining order is not an appropriate avenue for this type of relief.

Having so found, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of the lawfulness of Petitioner's detention. Consistent therewith, an expedited case management schedule will issue forthwith.

SO ORDERED this 15th day of October, 2026,
s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

[1] *See Duran Segovia v. Wolford*, Civ. No. 3:25-485, 2026 WL 1764872, at *3 (W.D. Pa. May 28, 2026), report and recommendation adopted, 2026 WL 1764595 (W.D. Pa. June 18, 2026) (explaining: "A district court retains habeas jurisdiction following a petitioner's post-filing transfer to a facility outside the district. *See Anariba v. Director, Hudson County Correctional Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021); *Khalil v. President, United States*, 164 F.4th 259, 265 (3d Cir. 2026). Therefore, a transfer to a detention center outside of this judicial district will not impair this Court's authority to provide her with any relief to which she may be entitled based on her Amended [Habeas] Petition.").

cc: ECF Counsel of Record

JHONATANN ISRAEL CHOTO ALTAMIRANO
A 246-304-400
MOSHANNON VALLEY PROCESSING CENTER
LEGAL MAIL - Open in Presence of Detainee
555 GEO DRIVE
PHILIPSBURG, PA 16866